ARY BRAND *v.* J. W. BRAND.

**Jurisdiction Over Committee for Lunatic.**

> When the estate of a lunatic is committed by a court of competent jurisdiction to a committee, the committee is answerable to the court appointing him for the discharge of his duties, and can only be relieved of those duties by that court, which alone has authority to settle his accounts.

APPEAL FROM DAVIESS CIRCUIT COURT.

November 29, 1879.

OPINION BY JUDGE COFER:

The petition shows that appellant was found to be a lunatic, and the appellee was appointed committee by the Ohio Circuit Court. Having been appointed by that court he became its officer, and in all matters pertaining to the trust he was and is answerable to that court, and the Daviess Circuit Court had no jurisdiction either to settle his accounts or to discharge him from the trust.

The estate of a person of unsound mind committed by a court of competent jurisdiction to the hands of a committee is in the custody of the law, and the committee is responsible to the court appointing him for the discharge of his duties and can only be relieved of those duties by that court, which alone has authority to settle his accounts, except as may be otherwise provided by statute.

If the appellee might proceed to make a settlement in the Daviess Circuit Court, he might, if not relieved of his trust, make his next settlement in some other court, and the next in another, and so on, making no two in the same county and rendering it impracticable for any court to know whether he had discharged his trust faithfully or not.

Under Sec. 472, Civil Code, the Ohio County Court may have jurisdiction to settle his accounts, but if so it is only because the statute confers the authority. The court not having had jurisdiction of the subject-matter of the action, the judgment is void, and no motion having been made in the court below to set it aside, we cannot reverse the judgment (Sec. 761, Civil Code), but must dismiss the appeal. The appellee must, however, be adjudged to pay the costs in this court.

The appeal is not barred by the statute. Persons of unsound mind are expressly excepted out of its operation.

Appeal *dismissed* at appellee's cost.

*Owen & Ellis, for appellant.    Sweeney & Son, for appellee.*